UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA T. L.,[1] <br>          Plaintiff, <br><br>          v. <br><br> FRANK BISIGNANO,[2] <br> Commissioner of Social Security, <br><br>          Defendant. | Case No.: 2:25-01859 ADS <br><br> MEMORANDUM OPINION AND ORDER |

I.  **INTRODUCTION**

    Plaintiff Maria T. L. ("Plaintiff") challenges Frank Bisignano, Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano is substituted for Leland Dudek as the defendant.

Plaintiff contends the Administrative Law Judge ("ALJ") erred in evaluating the medical evidence, failing to provide legally sufficient reasons for rejecting Plaintiff's symptom testimony, failing to include all of Plaintiff's limitations in the residual functional capacity ("RFC") assessment, and improperly relying on the testimony of the vocational expert ("VE").  For the reasons stated below, the Court finds that the ALJ's consideration of Plaintiff's subjective symptom testimony is not supported by substantial evidence.  Because the Court cannot determine the impact the error had on the underlying unfavorable disability determination, the Court finds remand is necessary.  Accordingly, the ALJ's decision is reversed, and the case is remanded for further proceedings consistent with the opinion below.

II. **FACTS RELEVANT TO THE APPEAL**

A review of the entire record reflects certain facts relevant to this appeal.  Plaintiff was born on July 7, 1966, and has past relevant work as a registered nurse.  (Docket ("Dkt.") No. 9, Administrative Record ("AR") 39.)

Plaintiff alleges that she suffers from major depression, bilateral carpal tunnel syndrome, TMJ, panic attacks, pain in the back of her head, neck, shoulders, back, face, jaw, and upper extremities, numbness in her hands, dry mouth, memory and concentration problems, lack of energy, and fatigue.  (AR 58-64, 504, 528, 532, 540.)  Plaintiff also alleged that she needs to take naps during the day and has difficulty with lifting, using her hands to hold things, speaking, eating, and sleeping.  (AR 60-64.)

III. **PROCEEDINGS BELOW**

A. **Procedural History**

Plaintiff filed her application for DIB on January 21, 2021, alleging disability beginning on April 27, 2018.  (AR 16, 208-14.)  Plaintiff's application was denied initially

on August 25, 2021, and upon reconsideration on January 26, 2022. (AR 204-08, 212-17.) Thereafter, Plaintiff filed a written request for hearing. (AR 225-26.) A video hearing was held before an ALJ on November 17, 2023.[3] (AR 49-71.) Plaintiff, represented by counsel, appeared and testified at the hearing, as did a vocational expert. (Id.) On March 12, 2024, the ALJ issued a decision concluding that Plaintiff was "not disabled" within the meaning of the Social Security Act. (AR 16-41.) The Appeals Council denied review on January 13, 2025. (AR 1-7.)

Plaintiff filed this action in District Court on March 4, 2025. (Dkt. No. 1.) On May 5, 2025, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. (Dkt. No. 9.) Plaintiff filed an Opening Brief (Dkt. No. 12) on June 4, 2025, Defendant filed a Responsive Brief (Dkt. No. 18) on September 15, 2025, and Plaintiff filed a Reply (Dkt. No. 19) on September 29, 2025. The case is ready for decision.[4]

**B. Summary of ALJ Decision After Hearing**

In the decision (AR 16-41), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[5] See 20 C.F.R. § 404.1520(a). After determining that Plaintiff met the insured

---

[3] A previous hearing was held before the ALJ on October 12, 2022. (AR 80-95.) Plaintiff was present at the hearing but did not testify. (Id.)

[4] The parties filed consents to proceed before a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. (Dkt. Nos. 5 & 7.)

[5] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

status requirements of the Social Security Act through December 31, 2023, the ALJ found at **step one** that Plaintiff had not engaged in substantial gainful activity since April 27, 2018, the alleged onset date. (AR 18.) At **step two**, the ALJ found that Plaintiff had the following severe impairments: cervical degenerative disc disease, lumbar degenerative disc disease, carpal tunnel syndrome/neuropathy, depressive disorder, and anxiety disorder. (Id.) At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 19.)

The ALJ found that Plaintiff had the RFC[6] to perform medium work as defined in 20 C.F.R. § 404.1567(c), but with the following limitations:

> [S]he could only occasionally climb; could frequently stoop, crouch, and crawl; could frequently engage in handling and fingering of objects with bilateral upper extremities; could have only occasional exposure to extreme cold; could have only occasional exposure to hazards, defined as work with machinery having moving mechanical parts, use of commercial vehicles, and exposure to unprotected heights; was limited to the performance of simple, routine, and repetitive tasks; should work in a low-stress job, defined as one having only occasional decision making and only occasional changes in the work setting; should engage in work establishing production quotas based on end-of-workday measurements, with no assembly line work; and should have only occasional interaction with the public and with co-workers.

(AR 23.)

---

Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. See 20 C.F.R. § 404.1520.

[6] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

At **step four**, the ALJ found that through the date last insured, Plaintiff was not able to perform her past relevant work as a registered nurse. (AR 39.) At **step** five, the ALJ found that through the date last insured, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (AR 40.) Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from April 27, 2018, the alleged onset date, through December 31, 2023, the date last insured. (AR 41.)

## IV. ANALYSIS

### A. Issues on Appeal

Plaintiff raises four issues for review: (1) whether the ALJ erred in the evaluation of the medical evidence, (2) whether the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's symptom testimony, (3) whether the ALJ failed to include all of Plaintiff's limitations in the RFC assessment, and (4) whether the ALJ improperly relied on the VE's testimony to find that Plaintiff was capable of performing other work. (Dkt. No. 12 at 4-18.)

### B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. See Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal

standards were applied. See Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see also Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "'inconsequential to the ultimate nondisability determination,'" or if "'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th

Cir. 2012), superseded by regulation on other grounds as stated in Smith v. Kijakazi, 14 F.4th 1108, 1111 (9th Cir. 2021).

**C. The ALJ Erred in Discounting Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ failed to provide clear and convincing reasons for discounting her subjective symptom testimony. (Dkt. No. 12 at 11-14.) Defendant responds that the objective medical evidence, as well as the "notations of improvement and ability to do daily activities" supported the ALJ's consideration of Plaintiff's reported symptoms and limitations. (Dkt. No. 18 at 17.)

1. <u>Legal Standard for Evaluating Plaintiff's Testimony</u>

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. See Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). Once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. See Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc) ("an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain"); Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (same).

If the claimant provides objective medical evidence of the impairments which might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ "may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89 ("we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by

evidence in the record, to support that credibility determination"); Benton, 331 F.3d at 1040 (explaining that after a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaints "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so."); see also Social Security Ruling ("SSR") 16-3p (findings "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms").

The ALJ may consider a number of factors when weighing the claimant's credibility, including: (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he or she complains. See Thomas v. Barnhart, 278 F.3d 948, 958-59 (9th Cir. 2002) (citing Light, 119 F.3d at 792). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas, 278 F.3d at 959 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999)).

   2. Analysis

Plaintiff alleged significant limitations due to a number of conditions. (AR 58-64, 504.) For example, Plaintiff testified that she suffers from panic attacks five to ten times a month, pain in the back of her head, neck, shoulders, back, face, jaw, and upper extremities, numbness in her hands, dry mouth, memory and concentration problems,

lack of energy, and fatigue. (AR 58-64, 504, 528, 532, 540.) Plaintiff also alleged that she needs to take naps during the day and has difficulty with lifting, using her hands to hold things, speaking, eating, and sleeping. (AR 58, 60-64.) The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the symptoms." (AR 30.) The ALJ then concluded that Plaintiff's "allegations concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (Id.) The ALJ did not find evidence of malingering.

Plaintiff argues that while "the ALJ summarized the medical evidence, even noting multiple objective findings," the ALJ impermissibly discounted Plaintiff's testimony based on "some normal findings." (Dkt. No. 12 at 13.) Plaintiff asserts that "[t]he lack of specificity in the ALJ's rationale for rejecting [Plaintiff's] assertions regarding the intensity of [her] pain and other symptoms does not meet the clear and convincing standard required." (Id. at 15.) The Court agrees with Plaintiff.

Although the ALJ provided a detailed summary of the medical record, noting both normal and abnormal findings (AR 25-33), it is not sufficient for an ALJ simply to summarize the medical evidence at issue in the case and make a generalized statement that the record undermines the claimant's testimony. See Lambert v. Saul, 980 F.3d 1266, 1278 (9th Cir. 2020) ("Although the ALJ did provide a relatively detailed overview of Lambert's medical history, 'providing a summary of medical evidence … is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible.'" (quoting Brown-Hunter, 806 F.3d at 494)). The ALJ did not identify the specific portions of Plaintiff's testimony that were being rejected or explain why particular parts of the medical record were inconsistent with Plaintiff's testimony.

See Brown-Hunter, 806 F.3d at 494-95 ("We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [the claimant's] pain testimony where, as here, the ALJ never identified *which* testimony she found not credible, and never explained *which* evidence contradicted that testimony." (emphasis in original)); Lambert, 980 F.3d at 1277 ("[O]ur precedents plainly required the ALJ to do more than was done here, which consisted of offering non-specific conclusions that Lambert's testimony was inconsistent with her medical treatment."). Instead, with regard to Plaintiff's asserted physical limitations, the ALJ cited various "negative," "normal" or "mild" MRIs, test results, and findings on examination but also acknowledged significant abnormal findings (e.g., tenderness in the lumbar spine, thoracic spine, cervical spine, sciatic nerves, sacroiliac joints bilaterally, wrists, interphalangeal joints of the hand, and elbows, reduced flexion in the cervical and lumbar spine, positive straight leg raising test on the right, positive Tinel's sign bilaterally, decreased sensibility of the thumbs and index fingers, and disc bulging and multilevel degenerative disc changes in the cervical spine, and disc bulging and protrusion in the lumbar spine). (AR 25-27, 31-32.) As for Plaintiff's alleged mental issues, the ALJ cited normal mental status examination findings and reports that Plaintiff's symptoms improved with treatment but also noted that some of Plaintiff's mental status examinations revealed abnormalities in mood, speech, cognitive functioning, and thought processes, as well as defects in concentration, attention, and memory. (AR 27-30, 32-33.) The connection between the evidence cited and the ALJ's conclusion that Plaintiff was not "as limited as she has alleged" is not clear. (AR 25.) Because the ALJ did not identify, with any specificity, the parts of Plaintiff's testimony that were contradicted by the medical

evidence, the ALJ failed to meet the clear and convincing standard.  See Brown-Hunter, 806 F.3d at 494.

The Commissioner points to additional evidence in the record to demonstrate that the ALJ's consideration of Plaintiff's credibility was warranted.  (Dkt. No. 18 at 17-18.)  The Commissioner notes: "[i]n discussing Plaintiff's mental impairments, the ALJ also referenced improvement in symptoms with psychotherapy and increased activities of daily living." (Id. at 17); see Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999) (finding improvement with treatment may undermine a claimant's testimony); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007) (explaining that an ALJ may discount a claimant's subjective complaints when daily activities demonstrate an inconsistency between what the claimant can do and the degree that disability is alleged).  The ALJ, however, did not link Plaintiff's daily activities or improvement in symptoms to a specific portion of Plaintiff's testimony to enable the Court to evaluate whether the evidence provides a clear and convincing reason for discounting Plaintiff's testimony.  See Brown-Hunter, 806 F.3d at 494-95.  Rather, the ALJ simply summarized the medical records which is not sufficient.  (AR 28-30, 32-33, 608-725, 1486-89); see Brown-Hunter, 806 F.3d at 494.

Moreover, the fact that Plaintiff "could participate in some daily activities does not contradict the evidence of otherwise severe problems" that she experienced in her daily life during the relevant period.  See Diedrich v. Berryhill, 874 F.3d 634, 643 (9th Cir. 2017); see also Garrison, 759 F.3d at 1017 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.").

In January 2020, Plaintiff's psychiatrist reported that despite improvement, Plaintiff "remained symptomatic with residuals requiring further treatment to address her continuing symptoms of depression, anxiety and panic," as well as "stress-intensified" physical symptoms. (AR 626.) Plaintiff's psychological test results were described as "massively abnormal." (AR 628.) In May 2021, Plaintiff's psychiatrist noted that despite "the input of treatment, there has been the persistence of significant emotional complications," Plaintiff "remained symptomatic," and her "psychological test results were highly abnormal." (AR 991, 994.) In June 2023, Plaintiff's psychiatrist opined that Plaintiff required "further treatment to address her continuing symptoms of depression, panic, and anxiety" and "[t]here were also continued stress-intensified medical symptoms." (AR 1487.) Thus, considering the medical record in its entirety, Plaintiff's reported improvement in symptoms and daily activities do not constitute clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. See Garrison, 759 F.3d at 1017.

### D. Remand For Further Administrative Proceedings

The Court finds the ALJ failed to provide legally sufficient reasons, supported by substantial evidence, for discounting Plaintiff's subjective symptom testimony. Remand for further administrative proceedings, rather than an award of benefits, is warranted here, as further administrative review could remedy the ALJ's error. See Brown-Hunter, 806 F.3d at 495 (remanding for an award of benefits is appropriate in rare circumstances). As it is unclear whether Plaintiff is in fact disabled, remand is on an "open record." Id. at 496 ("We may remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the

claimant is, in fact, disabled within the meaning of the Social Security Act.'" (quoting Garrison, 759 F.3d at 1021)).

### E. Plaintiff's Remaining Arguments

Given that remand is warranted, the Court declines to address Plaintiff's remaining arguments. Those issues, if necessary, may be addressed on remand. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V. CONCLUSION

The decision of the Commissioner denying benefits is hereby reversed and the matter is remanded for further proceedings consistent with this Order. Judgment shall be entered accordingly.

DATED: January 5, 2026

　　　　　　　　　　　　　　　　/s/ Autumn D. Spaeth
　　　　　　　　　　　　　　　THE HONORABLE Autumn D. Spaeth
　　　　　　　　　　　　　　　United States Magistrate Judge